UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE ANN JACKSON,

    Plaintiff,

v.                                      CASE NO. 8:15-cv-1140-T-23AEP

WAL-MART STORES EAST, LP,

    Defendants.
_____/

**ORDER**

The plaintiff sued (Doc. 2) in state court and alleged negligence. The defendant removes (Doc. 1) and alleges diversity jurisdiction under 28 U.S.C. § 1332. To establish the amount-in-controversy, the defendant relies entirely on the plaintiff's admission that the amount-in-controversy exceeds $75,000. However, a plaintiff's mere assertion (even in the form of an admission) that the amount-in-controversy exceeds $75,000 is insufficient to establish the amount-in-controversy. The facts, not the parties' respective conclusions, govern jurisdiction. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350, 1348-49 (2013) (holding that a plaintiff's non-binding assertion cannot influence a subject matter jurisdiction inquiry); *Eckert v. Sears, Roebuck & Co.*, 2013 WL 5673511 (M.D. Fla. Oct. 17, 2013).

Because the pleadings and papers are uninformative, conclusory, and form-based affairs typical of state court practice, nothing about this slip-and-fall action evidences damages that demonstrably exceed $75,000 at the time of removal. General knowledge and experience establish that many slip-and-fall actions feature less than $75,000 in damages.

Accordingly, under 28 U.S.C. § 1447(c), this action is **REMANDED** for failure of the removing party to invoke federal jurisdiction.[*] The clerk is directed (1) to mail, as required by 28 U.S.C. § 1447(c), a certified copy of this order to the clerk of the Circuit Court for Hillsborough County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on May 29, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The defendant carelessly alleges "residence" rather than "citizenship" in the notice of removal. "Residence" and "citizenship" are not necessarily the same. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). The defendant alleges a state of incorporation and a principal (misspelled as "principle" by the defendant) place of business for the defendant, which is sufficient to determine citizenship, but the notice of removal says nothing about the plaintiff's citizenship, only his residence.